# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GILBERT RIOS,**

                  **Plaintiff,**

**-vs-**                                                  **Case No. 6:11-cv-1242-Orl-22GJK**

**STATE OF FLORIDA,**

                  **Defendant.**

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT (Doc. No. 2)** |
| **FILED:** | **July 27, 2011** |

**THEREON** it is **RECOMMENDED** that the motion is **DENIED and the case be dismissed as frivolous. It is further RECOMMENDED that the Clerk be directed to return Mr. Rios's documents to him by regular mail.**

## I. BACKGROUND.

On July 27, 2011, Gilbert Rios (the "Plaintiff") initiated this action *pro se* by filing a handwritten complaint (the "Complaint") against the State of Florida (the "Defendant"). Doc.

No. 1. The Complaint states in pertinent part:

> My name is Gilbert Rios. I was wrongfully accused of crimes I did not commit, which ruined my life. I lost my home, vehicles and other properties which I worked all my life to get. I am suing the State of Florida for defamation, hiding the truth, damaging my reputation and psychological and physical damage done to me. I was physically abused in jail by the correctional officers, and by some inmates for the charges of my incarceration. I am asking for the sum of 1 million dollars for all the damage, because I can't even get a job because of my record. I was pushed down stairs, hit in my groin, kicked in my ribs, spit on and my civil rights were violated when I couldn't make a phone call. I've been denied the chance to clean my record. I hope justice can be served and that my constitutional rights won't be violated.

Doc. No. 1 at 2. Thus, the gravamen of Plaintiff's Complaint is that the State of Florida violated his constitutional rights. Doc. No. 1 at 2. Now before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (the "Motion"). Doc. No. 2

## II. THE LAW.

### A. The Statute and Local Rules.

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. Discretion Under 28 U.S.C. § 1915.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips*

---

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

*v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

      C.     **Frivolous Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I).**

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.* Legal theories are frivolous when they are "indisputably meritless." *Neitzke*, 490 U.S. at 329*; Battle*, 898 F.2d at 129. Section 1915 authorizes the dismissal of "claims of infringement of a legal interest which clearly does not exist." *See Neitzke*, 490 U.S. at 327.

## III.    <u>ANALYSIS</u>.

Plaintiff has failed to allege any basis for this Court's jurisdiction over his claims. Plaintiff requests an award of $1 million dollars in damages against the State of Florida for violations of Plaintiff's civil rights and other torts. Doc. No. 1 at 2. The Eleventh Amendment to the United States Constitution is an absolute bar to claims for damages against the States in

4

federal court. *See Cross v. Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995); *Marsh v. State of Florida Department of Corrections Bureau of Services*, 323 Fed.Appx. 885, 886 (11th Cir. 2009) (unpublished); *Stromas v. State of Florida*, 2011 WL 971628 at *1 (N.D. Fla. Mar. 16, 2011). Thus, the Eleventh Amendment prohibits Plaintiff's suit against the State of Florida in federal court. *Id*. Accordingly, it is **RECOMMENDED** that the Court:

1. **DENY** the Motion (Doc. No. 2);

2. **DISMISS** the case as frivolous;

3. Direct the Clerk to close the case; and

4. Direct the Clerk to return the sealed documents S-1 and S-2 to Mr. Rios.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail.**

**The Clerk is directed to send a copy of this order to Plaintiff by Certified Mail.**

**DONE and ORDERED** in Orlando, Florida on October 7, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Certified Mail**