# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**GILBERT RIOS,**

               **Plaintiff,**

**-vs-**                                            **Case No. 6:11-cv-1242-Orl-22GJK**

**STATE OF FLORIDA,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO APPEAL IN FORMA PAUPERIS AND AFFIDAVIT (Doc. No. 24)** |
| **FILED:** | **July 24, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Court certify that the appeal is not taken in good faith.**

**I.**     **BACKGROUND.**

On July 27, 2011, Gilbert Rios (the "Plaintiff") initiated this action *pro se* by filing a handwritten complaint (the "Complaint") against the State of Florida (the "Defendant"). Doc. No. 1. The Complaint states in pertinent part:

        My name is Gilbert Rios. I was wrongfully accused of crimes I did

> not commit, which ruined my life. I lost my home, vehicles and other properties which I worked all my life to get. I am suing the State of Florida for defamation, hiding the truth, damaging my reputation and psychological and physical damage done to me. I was physically abused in jail by the correctional officers, and by some inmates for the charges of my incarceration. I am asking for the sum of 1 million dollars for all the damage, because I can't even get a job because of my record. I was pushed down stairs, hit in my groin, kicked in my ribs, spit on and my civil rights were violated when I couldn't make a phone call. I've been denied the chance to clean my record. I hope justice can be served and that my constitutional rights won't be violated.

Doc. No. 1 at 2. Thus, the gravamen of Plaintiff's Complaint is that the State of Florida violated his constitutional rights. Doc. No. 1 at 2.

On November 1, 2011, the Court entered an order dismissing the case because Plaintiff's claims are barred by the Eleventh Amendment to the United States Constitution, which is an absolute bar to all claims for damages against the states in federal court. Doc. No. 10. On November 21, 2011, Plaintiff filed a notice of appeal and a Motion to Appeal In Forma Pauperis and Affidavit. Doc. Nos. 11-12. On December 12, 2011, the Court entered an order denying Plaintiff's request to appeal in forma pauperis and certified that the appeal was not taken in good faith. Doc. No. 15. While the case was on appeal to the Eleventh Circuit Court of Appeals, Plaintiff filed a second motion to appeal in forma pauperis. Doc. No. 16. On May 2, 2012, the Court entered an order denying the motion for the same reasons as set forth in the December 12, 2011 order. Doc. No. 17.

On May 11, 2012, the Eleventh Circuit Court of Appeals entered an order dismissing the appeal for failure to pay the filing fee. Doc. No. 18. On May 21, 2012, Plaintiff filed a Petition for Writ of Mandamus requesting that the Court issue the writ and direct the State of Florida to

review Plaintiff's allegations. Doc. Nos. 19, 19-1. On May 22, 2012, the Court entered an order denying the petition for lack of jurisdiction. Doc. No. 20.

On June 5, 2012, Plaintiff filed a second petition for writ of mandamus. Doc. No. 21. On June 13, 2012, the Court entered an order stating:

> This case was closed on November 1, 2011. Accordingly, this Court lacks jurisdiction. . . . Plaintiff shall not file any other documents in this case.

Doc. No. 22. Thus, the Court denied the second petition for writ of mandamus because it lacks jurisdiction and directed that Plaintiff not file any other documents in this case. Doc. No. 22.

On June 26, 2012, Plaintiff filed a notice of appeal as to the Court's June 13, 2012 order. Doc. No. 23. On July 26, 2012, Plaintiff filed a motion to appeal in forma pauperis (the "Motion"). Doc. No. 24.

## II. **THE LAW**.

The United States Congress has required that the district court review[1] a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief
>             may be granted; or

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

(iii) seeks monetary relief against a
defendant who is immune from
such relief.

28 U.S.C. § 1915 (e)(2) (2010) (formerly § 1915 (d)). A party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of Section 1915 must be judged by an objective, not a subjective, standard. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F. Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F. Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co*., 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

## III. ANALYSIS.

As set forth in the Court's June 13, 2012 order, this case is closed and the Court lacks jurisdiction to entertain the second petition for writ of mandamus. Accordingly, it is **RECOMMENDED** that the Court **DENY** the Motion (Doc. No. 24) and certify that the appeal

is not taken in good faith.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this order to Plaintiff by Certified Mail.**

**DONE and ORDERED** in Orlando, Florida on July 27, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
**Unrepresented Parties by Certified Mail**